IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>    Plaintiff,<br><br>vs.<br><br>DEAN BALDWIN PAINTING, INC., JOHN D. SALAS, JIM CLARK, OASIS OUTSOURCING, INC., RICARDO RUBIO, ZURICH AMERICAN INSURANCE COMPANY, QANTAS AIRWAYS, LIMITED, AND JET CLIPPER JOHNNY, LLC,<br><br>    Defendants. | No. 05cv424 PK/DJS |

MEMORANDUM OPINION AND ORDER

This matter comes on for consideration of Plaintiff's Motion for Attorney's Fees and Costs and for Enlargement of Time to Provide Supporting Evidence filed May 10, 2006 (Doc. 99), and the Dean Baldwin Defendants' Motion to Quash Subpoena, for Protective Order, and/or for Modification of Subpoena filed May 16, 2006 (Doc. 101). Upon consideration thereof,

(1) <u>Background.</u>  Plaintiff National Union Fire Insurance Co. of Pittsburgh, Pa. ("National Union") obtained a declaratory judgment on February 17, 2006,

that it does not owe a duty to defend or indemnify its insured, Defendant Dean Baldwin Painting, Inc. ("Dean Baldwin") or Defendants Salas, Clark, Qantas, or Jet Clipper Johnny, LLC, under a commercial general liability aviation policy ("CGL policy") issued to Dean Baldwin. Doc. 86. After entry of the declaratory judgment, the Defendants timely moved to alter or amend. Those motions were denied by an order entered April 12, 2006. Doc. 96.

This declaratory judgment action was in response to a lawsuit brought by Ricardo Rubio in state court that seeks to recover against various Defendants for injuries sustained when a Boeing 707 aircraft ("jet"), while being towed, ran over Mr. Rubio's legs. Rubio v. Dean Baldwin Painting, Inc., No. CV-2004-804 (Chavez County, N.M. 5th Jud. D. Ct.) ("state court lawsuit"); see Doc. 74, Ex. A at 3. National Union denied coverage as to the various Defendants, but on March 22, 2005, advised[1] its insured, Dean Baldwin, that it "will be providing a defense" to the primary lawsuit subject to a reservation of rights. Doc. 99, Ex. A, ¶ 6, Ex. 1 at 6. On November 18, 2005, National Union advised Dean Baldwin that it had appointed mutually agreeable counsel to defend, and indicated that it also reserved the right to recover those attorney's fees and costs from Dean Baldwin should a court determine that the policy does not provide coverage. Id., Ex. A. ¶ 7, Ex. 2.

---

[1] The advice was accomplished through National Union's claims handler, AIG Aviation.

(2) <u>Grounds of the Motion.</u>  National Union seeks attorney's fees in defending Dean Baldwin in the state court action from the date of its second reservation of rights letter, November 18, 2005, to the present.  Doc. 99 at 5.  It also seeks additional time to provide supporting evidence pending receipt of billing records.  National Union sought by subpoena all billing records and invoices pertaining to defending Dean Baldwin in the state court lawsuit.  Doc. 102, Ex. A.  Dean Baldwin has moved to quash the subpoena and for other relief.

(3) <u>Timeliness.</u>  The Dean Baldwin Defendants suggest that the motion for attorney's fees is untimely as not filed and served within thirty days of the judgment as required by D.N.M. LR-Civ. 54.5(a).  Fed. R. Civ. P. 54(d)(2)(B) allows a district court to opt out of the normal fourteen day period via local rules.  Here, the judgment was entered on February 17, and the motion was not filed until May 10, 2005.  Defendants contend that a timely post-trial motion tolls the time in which to file such a motion, resulting in a timely filing.  Ample authority supports this construction of Fed. R. Civ. P. 54(d)(2)(B) and local counterparts.  <u>Bailey v. County of Riverside</u>, 414 F.3d 1023, 1025 (9th Cir. 2005); <u>Miltmore Sales, Inc. v. Int'l Rectifier, Inc.</u>, 412 F.3d 685, 687-691 (6th Cir. 2005); <u>Weyandt v. Okst</u>, 198 F.3d 311, 315 (2nd Cir. 2005); <u>Members First Fed. Credit Union v. Members First Credit Union of Fla.</u>, 244 F.3d 806, 807 (11th Cir. 2001) (thirty day period under local rule tolled by post-judgment motion); <u>Brown v. Local 58 Int'l Bhd. of Elec. Workers</u>, 76 F.3d 762, 767-69 (6th Cir. 1996) (same).

Moreover, a court entering a declaratory judgment has the discretion to award further relief including amounts expended as attorney's fees. See Gant v. Grand Lodge of Tex. 12 F.3d 998, 1002-03 (10th Cir. 1993); Sec. Ins. Co. v. White, 236 F.2d 215, 220 (10th Cir. 1956). Such relief has occurred in similar contexts. See United Nat'l Ins. Co. v. SST Fitness Corp., 309 F.3d 914, 916 (6th Cir. 2002); Omaha Indem. Ins. Co. v. Cardon Oil Co., 687 F. Supp. 502, 503-04 (N.D. Cal. 1988). The court need not further elaborate on the interrelationship between Rule 54(d)(2) and 28 U.S.C. § 2202, because the court in its discretion will not award attorney's fees.

(4) No Attorney's Fees. There is a split in authority as to whether an insurer may recoup defense costs incurred prior to a judicial declaration that the insurer did not have a duty to defend. Some courts hold that an insurer may recover such costs where the insurer timely notifies the insured (at the outset) and explicitly reserves a right of recoupment. See e.g., United Nat'l, 309 F.3d at 921-22. According to this view, "[w]hen an insurer conditions payment of defense costs on the condition of reimbursement if the insurer had no duty to defend, the condition becomes part of an implied in fact contract when the insured accepts payment." Id. at 921. This is thought to encourage the insurer to defend questionable cases and to avoid bad faith litigation. Id. Other cases allowing for recoupment on a reservation of rights letter include Knapp v. Commonwealth Land Title Ins. Co., 932 F. Supp. 1169, 1171-72 (D. Minn. 1996); Resure, Inc. v.

Chem. Distrib., Inc., 927 F. Supp. 190, 194 (M.D. La. 1996) (applying New Mexico law); N. Atl. Cas. & Sur. Ins. Co. v. William D., 743 F. Supp. 1361, 1367 (N.D. Cal. 1990); Travelers Cas. and Sur. Co. v. Ribi Immunochem Research, Inc., 108 P.3d 469, 479-80 (Mont. 2005); Colony Ins. Co. v. G & E Tires & Serv., Inc., 777 So. 2d 1034, 1038-39 (Fla. App. 2000); and Hecla Mining Co. v. N.H. Ins. Co., 811 P.2d 1083, 1089 (Colo. 1991) (stating that the proper course for insurer that believes it owes no duty to defend "is to provide a defense to the insured under a reservation of its rights to seek reimbursement should the facts at trial prove that the incident resulting in liability was not covered by the policy.").

Other courts hold that an insurer may not recover defense costs pursuant to a reservation of rights, absent an express provision to that effect in the insurance contract between the parties. See United Nat'l, 309 F.3d at 923 (Clay, J., dissenting); Gen'l Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co., 215 Ill.2d 146, 159-166 (Ill. 2005); Shoshone First Bank v. Pacific Employers Ins. Co., 2 P.3d 510, 514 (Wyo. 2000); Tex. Ass'n of Counties Gov't Risk Mgmt. Pool v. Matagorda County, 52 S.W.3d 128, 131-33 (2000) (reservation of rights with respect to settlement funds). Neither side suggests any provision in the policy that provides for recoupment of attorney's fees incurred while the insurer is seeking a declaratory judgment. The court is persuaded that (1) a unilateral reservation of rights letter cannot create such a provision, (2) Dean Baldwin's silence concerning the reservation of rights letters did not constitute acceptance of

an implied-in-fact contract, and (3) Dean Baldwin's cooperation in its defense did not constitute acceptance of an implied-in-fact contract. See Garcia v. Middle Rio Grande Conservancy Dist., 664 P.2d 1000, 1005 (N.M. Ct. App. 1983) (silence is not acceptance, unless there is a duty to speak), overruled on other grounds by, Montoya v. AKAL Sec., Inc., 838 P.2d 971 (N.M. 1992); Hydro-Conduit v. Kemble, 793 P.2d 855, 861 (N.M. 1990) (noting that an implied-in-fact contract is based upon the parties' mutual assent manifested by conduct); DeArmond v. Halliburton Energy Servs., Inc., 81 P.3d 573, 579 (N.M. Ct. App. 2003) (to constitute assent, a party must be aware of offer and that his conduct could constitute acceptance); Marshall-Barron, Inc., (NSL) v. Mine Supply, Inc., 394 P.2d 149, 150-51 (N.M. 1964) (implied-in-fact contract must be a reasonable deduction within contemplation of parties or necessary to carry their intention into effect). A reservation of rights letter allows the insurer to assert defenses and exclusions already contained in the policy–not create new ones.

It must be remembered that the duty to defend is broader than the duty to indemnify. Valley Improvement Ass'n, Inc. v. U.S. Fid & Guar. Corp., 129 F.3d 1108, 1126 (10th Cir. 1997); W. Heritage Ins. Co. v. Chava Trucking, Inc., 991 F.2d 651, 656 (10th Cir. 1993). New Mexico has a strong policy that requires an insurer to defend when the claims made in the complaint or facts known to the insurer are arguably within the policy, and that certainly is the case here. See Found. Reserve Ins. Co. v. Mullenix, 642 P.2d 604, 606 (N.M. 1982); Krieger v.

Wilson Corp., 131 P.3d 661, 674 (N.M. Ct. App. 2005); Miller v. Triad Adoption and Counseling Servs., Inc., 65 P.3d 1099, 1103 (N.M. Ct. App. 2003). Moreover, the insurer has the right and duty to defend the action,[2] and presumably benefits should it be mistaken about coverage. See Lujan v. Gonzales, 501 P.2d 673, 678 (N.M. Ct. App. 1972) (a good faith, but incorrect, belief that no coverage exists is not a defense to a claim for breach of the duty to defend).  An insurer is free to insert a reimbursement provision in the policy, but not unilaterally and after the policy has been issued.  See Lewis v. Dairyland Ins. Co., 831 P.2d 985, 988 (N.M. 1992) (a court will not rewrite the parties' contract).

Even were the court persuaded by the contrary view, it would not apply here.  The second letter with the reservation of rights concerning attorney's fees came almost nine months after counsel had been hired, truly illustrating the lack of mutual assent required even for implied-in-fact contracts.  By that time, the insurer had undertaken the defense, and could not unring the bell.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

---

[2] The insuring agreement provides in pertinent part:

(a) . . . We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies resulting from your Aviation operations.  We will have the right and the duty to defend any suit seeking those damages.

Doc. 74, Ex. C, Part 1- Form CGL01, § I Coverage A, ¶ 1 at 1.  The policy also provides that the insured must cooperate with the insurer in the defense of a claim or suit.  Id. § IV Policy Conditions ¶ 4(c)(3) at 7.

(1)  Plaintiff's Motion for Attorney's Fees and Costs and for Enlargement of Time to Provide Supporting Evidence filed May 10, 2006 (Doc. 99), is denied, and

(2) The Dean Baldwin Defendants' Motion to Quash Subpoena, for Protective Order, and/or for Modification of Subpoena filed May 16, 2006 (Doc. 101), is granted insofar as the subpoena is quashed in its entirety; all other relief sought in the motion is denied.

DATED this 14th day of July 2006, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation

William G. Burd, Tew Cardenas, LLP, Miami, Florida, and Pete V. Domenici, Jr, Domenici Law Firm, Albuquerque, New Mexico, for Plaintiff National Union.

Damon Richards, Bass, Fargason, Booth, St. Clair & Richards, LLP, Lubbock, Texas, for Defendants Dean Baldwin Painting, Inc., John D. Salas, Jim Clark, Qantas Airways, Ltd., and Jet Clipper Johnny, LLC.